IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND LEON DIAZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF SCI-PHOENIX,<br><br>Respondent. | No. 4:24-CV-01578<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**MAY 5, 2025**

Petitioner Raymond Leon Diaz filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks to overturn his convictions and sentence entered by the Court of Common Pleas of Lackawanna County, Pennsylvania. Because Diaz cannot satisfy the stringent requirements for habeas corpus relief, the Court must deny his Section 2254 petition.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

In December 2018, after a three-day jury trial, Diaz was found guilty of multiple controlled substance offenses and a firearm offense.[1] Those convictions stemmed from two controlled buys in August 2017, which were facilitated by a confidential informant (hereinafter "CI").[2] The CI testified at Diaz's trial. Of note, the CI attested that he was facing a potential probation violation for possession of

---

[1]    *See Commonwealth v. Diaz*, No. 662 MDA 2019, 2020 WL 886135, at *1 (Pa. Super. Ct. Feb. 24, 2020) (nonprecedential).

[2]    *Id.*

marijuana and had contacted a police detective and the Lackawanna County District Attorney's Office, offering to work as a confidential informant to avoid prosecution for the probation violation.[3]  He informed the detective that his neighbor, Diaz, was selling narcotics, and they set up and executed two controlled drug buys from Diaz on consecutive days: August 15 and August 16, 2017.[4]

After successfully completing and documenting the controlled buys, the detective applied for a search warrant for Diaz's residence, which search uncovered more cocaine, drug distribution paraphernalia, and a handgun.[5]  Diaz was detained that same day, and police found in his possession $1,945 in cash, which included some of the prerecorded bills used in the controlled buys, as well as a second cellular telephone which was later confirmed to have the same number the CI called on both occasions to set up the drug transactions.[6]

At trial, the drug charges and the firearm charge were bifurcated.[7]  Following closing arguments and jury instructions on the first phase of the trial, the jury found Diaz guilty of all controlled substance offenses charged.[8]  After the second phase of the trial regarding whether Diaz was a person not to possess and whether he had constructively possessed the handgun found during the search, the

---

[3] *Id.*, at *2.
[4] *Id.*, at *2-3.
[5] *Id.*, at *3-4.
[6] Id., at *3.
[7] *Id.*, at *5.
[8] *Id.*

jury likewise returned a guilty verdict.[9] In February 2019, the trial court sentenced Diaz to an aggregate term of 138- to 280-months' incarceration.[10]

Diaz appealed, but the Superior Court of Pennsylvania affirmed his judgment of sentence.[11] The Supreme Court of Pennsylvania subsequently denied Diaz's petition for allowance of appeal.[12]

In February 2021, Diaz filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA),[13] the state's corollary to federal habeas relief.[14] PCRA counsel was appointed, who then filed a supplemental PCRA petition in May 2021.[15] In his petition, Diaz raised three claims of ineffective assistance of trial counsel.[16] As relevant to the instant Section 2254 petition, his first ineffective-assistance claim asserted that trial counsel was constitutionally deficient for failing to request a specific "informant instruction," that is, "a jury instruction that the testimony of a confidential informant who had received benefits from the Commonwealth in exchange for testifying must be considered with great care and caution[.]"[17]

---

[9] *Id.*
[10] *Id.*
[11] *Id.*, at *1, *13.
[12] *Commonwealth v. Diaz*, No. 236 MAL 2020, 239 A.3d 17 (Pa. 2019) (table).
[13] 42 PA. CONS. STAT. § 9541 *et seq.*
[14] *See Commonwealth v. Diaz*, No. 1133 MDA 2022, 2023 WL 5662781, at *3 (Pa. Super. Ct. Sept. 1, 2023) (nonprecedential).
[15] *Id.*
[16] *Id.*
[17] *Id.*

The PCRA court held an evidentiary hearing on June 3, 2022, and then denied Diaz's petition on August 3, 2022.[18] On September 1, 2023, the Superior Court denied Diaz's PCRA appeal.[19] And, once again, the Supreme Court of Pennsylvania denied Diaz's petition for allowance of appeal.[20]

Diaz lodged his Section 2254 petition and memorandum of law in this Court in September 2024.[21] Respondent filed his response[22] and Diaz timely filed a traverse.[23] Diaz's Section 2254 petition, therefore, is ripe for disposition.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[24] mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief.[25] An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits.[26]

---

[18]  *Id.*
[19]  *See id.*, at *1, *9.
[20]  *Commonwealth v. Diaz*, No. 496 MAL 2023, 313 A.3d 947 (Pa. 2024) (table).
[21]  *See generally* Docs. 1, 2, 5.
[22]  Docs. 13, 14.
[23]  Doc. 16.
[24]  28 U.S.C. §§ 2241–2254.
[25]  *Id.* § 2254(b)(1)(A).
[26]  *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).

When a claim is properly exhausted and then raised on federal habeas review, the level of deference afforded to the state court decision is substantial.[27] The AEDPA "does not 'permit federal judges to . . . casually second-guess the decisions of their state-court colleagues or defense attorneys.'"[28] Accordingly, under Section 2254(d), federal habeas relief is unavailable for exhausted claims unless the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[29] An unreasonable application of Supreme Court precedent includes situations where "the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case."[30]

This is an intentionally difficult standard to meet.[31] Section 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" clearly established Supreme Court precedent.[32] Thus, to obtain federal habeas

---

[27] *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom.*, *Gilmore v. Bey*, 138 S. Ct. 740 (2018) (mem.).
[28] *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 543 (3d Cir. 2014) (quoting *Burt v. Titlow*, 571 U.S. 12, 15 (2013)).
[29] 28 U.S.C. § 2254(d).
[30] *White v. Woodall*, 572 U.S. 415, 425 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000)).
[31] *Harrington v. Richter*, 562 U.S. 86, 102 (2011).
[32] *Id.*

5

relief on an exhausted claim, a state prisoner must demonstrate that the state court's ruling on the claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement."[33]

Finally, if a state court has ruled on the merits of a claim, a federal habeas petitioner generally must meet Section 2254(d)'s requirements "on the record that was before that state court."[34] Absent compelling circumstances,[35] district courts cannot supplement the existing state-court record for claims adjudicated on the merits.[36] "Otherwise, federal habeas petitioners would be able to circumvent the finality of state court judgments by establishing a new factual record" on federal habeas review.[37]

## III.   DISCUSSION

Diaz raises a single claim of ineffective assistance of counsel in his Section 2254 petition.[38] He asserts that his trial attorney was constitutionally deficient for

---

[33] *Id.* at 103.
[34] *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) (footnote omitted).
[35] *See* 28 U.S.C. § 2254(e)(2).
[36] *Brown v. Wenerowicz*, 663 F.3d 619, 629 (3d Cir. 2011).
[37] *Id.*
[38] It is possible to read Diaz's memorandum of law as asserting a Fourteenth Amendment due process claim regarding the absence of a jury instruction. *See* Doc. 5 at 7-8, 9, 11, 13. However, no standalone due process claim was ever raised in state court and therefore any such claim is procedurally defaulted. Additionally, even if the Court were to consider this claim, the absence of a specific informant instruction does not come close to "infect[ing] the entire trial with unfairness" such that it constitutes a due process infringement. *See Albrecht v. Horn*, 485 F.3d 103, 129 (3d Cir. 2007) (citation omitted). Indeed, "[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). Furthermore,

failing to request a specific "informant" jury instruction because the CI had received "leniency and money" in exchange for his testimony.[39] Specifically, Diaz maintains that the general witness credibility instruction given by the trial court "did not apprise the jury of the inherent dangers and reliability concerns associated with informant testimony," as the CI in his case "may have been motivated to lie or otherwise exaggerate testimony in order to receive benefits and any form of leniency in his own case."[40] This ineffective-assistance claim was Diaz's "main issue" on PCRA appeal.[41]

A collateral attack based on ineffective assistance of counsel is governed by the familiar two-pronged test set forth in *Strickland v. Washington*.[42] To prevail on such a claim, a defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial.[43] The defendant bears the burden of proving both prongs.[44]

In determining whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward

---

an "omission . . . is less likely to be prejudicial than a misstatement of the law." *Id.* at 155. Diaz's assertion that the absence of an informant instruction infected his *entire* trial with unfairness is simply unpersuasive for the reasons provided below.

[39] Doc. 1 at 5; Doc. 5 at 5.
[40] Doc. 5 at 1-2.
[41] *Diaz*, No. 1133 MDA 2022, 2023 WL 5662781, at *4 & n.9.
[42] 466 U.S. 668 (1984).
[43] *Strickland*, 466 U.S. at 687-88.
[44] *See id.* at 687.

counsel's conduct.[45]  There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance.[46]  Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance."[47]

To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different.[48]  The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing on one.[49]

When a claim of ineffective assistance of counsel has been exhausted in state court, review of that claim by a federal habeas court is significantly circumscribed.  The federal court does not review the ineffectiveness claim *de novo*; rather, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."[50]  Under this "doubly" deferential standard, "so long as fairminded jurists could disagree on the correctness of the state court's decision," a state court's determination that a *Strickland* claim lacks merit precludes federal habeas relief.[51]

---

[45]  *Id.* at 689.
[46]  *See United States v. Gray*, 878 F.2d 702, 710 (3d Cir. 1989).
[47]  *Id.* at 711 (citing *Strickland*, 466 U.S. at 689-90).
[48]  *Strickland*, 466 U.S. at 694.
[49]  *See id.* at 697; *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008).
[50]  *Richter*, 562 U.S. at 101 (emphasis added); *Collins*, 742 F.3d at 547-48.
[51]  *Richter*, 562 U.S. at 101, 105 (citation omitted).

The Pennsylvania Superior Court thoroughly analyzed Diaz's ineffective-assistance claim regarding the specialized informant instruction and found that Diaz had failed to establish either *Strickland* prong.[52] First, the Superior Court determined that trial counsel had not performed below the constitutional minimum.[53] The panel agreed with the PCRA court's findings that the instructions as a whole were sufficient with regard to witness credibility, including that of the CI.[54] The panel additionally agreed that, since Diaz had not proffered a specific Pennsylvania Suggested Standard Criminal Jury Instruction during PCRA proceedings, the non-Pennsylvania-specific instructions offered to the PCRA court and on appeal were unconvincing and would likely have been rejected by the trial court.[55]

The Superior Court then turned to the *Strickland* prejudice prong.[56] The panel held that Diaz had likewise failed to establish prejudice. In particular, the Superior Court highlighted the additional evidence of Diaz's guilt beyond the CI's testimony.[57] The panel also distinguished a Fourth Circuit case proffered by Diaz—*United States v. Luck*, 611 F.3d. 183 (4th Cir. 2010)— where a federal court

---

[52] *See Diaz*, No. 1133 MDA 2022, 2023 WL 5662781, at *4-7.
[53] *See id.*, at *5-6.
[54] *See id.*
[55] *See id.*
[56] *Id.*, at *6-7.
[57] *See id.*, at *6.

9

of appeals had found that an attorney's failure to request an informant instruction amounted to an error of constitutional magnitude.[58]

This Court need not address whether Diaz's trial counsel's performance was deficient for failing to request a specific informant instruction. That is because the Superior Court's determination on *Strickland*'s prejudice prong was not only reasonable, but it was also unequivocally correct.[59]

First, the state court record is clear that the jury was well aware of the CI's personal interest in working with the prosecution and testifying against Diaz at trial. To wit: the CI was questioned about and directly admitted that he was seeking leniency regarding a probation violation and had also been offered $200.00 to assist in moving to a new location away from Diaz.[60] Thus, the jury was fully apprised of the paid informant's potential bias in favor of the prosecution (and against Diaz) from the outset of the CI's testimony.

Second, the overwhelming amount of corroborating inculpatory evidence eviscerates any purported prejudice from the absence of an informant instruction. The drug deals at issue were both controlled buys. Under this carefully coordinated procedure, the CI—in the presence of law enforcement—placed a call

---

[58] *Id.*, at *7.
[59] *See Lilly*, 536 F.3d at 196 (noting that court need not address both *Strickland* prongs when denying a claim of ineffective assistance of counsel if petitioner has made an insufficient showing on one).
[60] *See Diaz*, No. 662 MDA 2019, 2020 WL 886135, at *2.

to the potential seller seeking to purchase drugs, which phone call was recorded; the CI was thoroughly strip searched, then provided with cash to purchase the drugs, which bills were first photocopied and their serial numbers recorded; the informant was then surveilled and photographed by law enforcement during the transaction; upon return with the purchased narcotics, the CI was strip searched again; a field test was then conducted on the drugs to ensure they are not counterfeit; finally, the drugs were transferred to the state police crime laboratory to be fully analyzed.[61]

At Diaz's trial, the prosecution proffered, *inter alia*, the following inculpatory evidence: (1) the police detective's corroborating testimony regarding his communication with the CI and the details of both controlled buys; (2) the recorded phone conversations—played for the jury—from the CI's phone to Diaz's phone setting up the drug transactions[62]; (3) a series of photographs from the controlled buys depicting the CI "being greeted at the doorway" by Diaz, entering Diaz's residence, and then "being escorted out" of the residence by Diaz; (4) quantities of purchased substances that field-tested positive for cocaine and were later confirmed as cocaine by the state police laboratory; (5) upon detaining Diaz in his vehicle, finding $1,945 in cash, including some of the prerecorded bills from the controlled buys; (6) additionally finding two cell phones in Diaz's possession,

---

[61] *Id.*, at *2-3.
[62] Diaz testified at trial, so the jury had a live voice comparator. *See id.*, at *6.

the second of which was confirmed as the target phone called by the CI to facilitate both cocaine purchases; (7) a search of Diaz's residence following receipt of a judicial warrant that uncovered more than 20 grams of cocaine, a handgun, drug paraphernalia, and a small amount of marijuana; and (8) testimony from a state police forensic scientist confirming the presence and specific amounts of controlled substances seized from the controlled buys and during the search.[63]

In light of this overwhelming corroborating evidence of Diaz's commission of the charged offenses, it is simply impossible to conclude that if trial counsel had requested an informant jury instruction and that instruction had been given, there is a reasonable probability that the outcome of Diaz's trial would have been different. This is not a case where an informant's testimony tipped the scales or was the foundation of the prosecution's case without corroborating physical evidence. Rather, the CI's testimony was merely one piece of a much larger presentation of substantial evidence of Diaz's guilt.  The jury, in fact, could have completely disregarded the CI's testimony and relied on the law enforcement officers' testimony, the photographic evidence from the controlled buys, the recorded phone calls preceding the transactions, the target cellphone found with Diaz in his car, the cash found on Diaz that included some of the prerecorded bills from the controlled buys, the narcotics collected during the controlled buys, the drugs and handgun

---

[63]    *Id.*, at *2-4.

seized from his residence, and the forensic scientist's testimony to find Diaz guilty of the charged offenses.

Diaz cannot establish prejudice, and therefore the Superior Court's determination on this *Strickland* claim was both reasonable and correct. The Court must therefore deny Diaz's habeas petition.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Diaz's petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court will likewise decline to issue a certificate of appealability, as Diaz has failed to make a substantial showing of the denial of a constitutional right,[64] or that "jurists of reason would find it debatable" whether this Court's procedural rulings are correct.[65] An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[64] 28 U.S.C. § 2253(c)(2).
[65] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).